AMERICAN STATES INSURANCE COMPANY v KESTEN

Docket No. 178085. Submitted September 18, 1996, at Detroit. Decided January 31, 1997, at 9:15 A.M.

American States Insurance Company brought an action in the Genesee Circuit Court against Sharilyn and Sanford Kesten and Auto Club Insurance Association (ACIA), seeking a determination regarding the insurers' liability for uninsured motorist coverage for damages for injuries sustained by Sharilyn Kesten while a passenger in a car driven by Debra Carpenter that was insured for uninsured motorist coverage by American and was hit from behind by an uninsured motorist. The Kestens' had insured their own automobile with a policy, including uninsured motorist coverage, issued by ACIA. ACIA had rejected the Kestens' claim for uninsured motorist coverage under the ACIA policy on the basis of a policy exclusion providing that the uninsured motorist coverage does not apply to bodily injury sustained by an insured person while occupying a motor vehicle that provides the same or similar coverage for the insured or a resident relative. The court, Earl E. Borradaile, J., granted summary disposition for American, finding the exclusion in ACIA's policy inapplicable and ACIA liable for $20,000 in uninsured motorist coverage. ACIA appealed.

The Court of Appeals *held*:

1. Sharilyn Kesten is entitled to benefits under the uninsured motorist coverage provided by American.

2. The language in the ACIA policy unambiguously provides that if the insured is a passenger in a vehicle that has uninsured motorist coverage that covers the insured, then ACIA's uninsured motorist coverage does not cover the insured. The trial court erred in granting summary disposition for American. The order granting summary disposition must be reversed and the matter must be remanded for entry of a judgment consistent with the opinion of the Court of Appeals.

Reversed and remanded.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Robert D. Goldstein*), for American States Insurance Company.

*Gault, Davison, Bowers, Hill, Parker & McAra* (by *Edward B. Davison*) (*Gross, Nemeth & Silverman, P.L.C.*, by *James G. Gross* and *Mary T. Nemeth*, of Counsel), for Auto Club Insurance Association.

Before: SAAD, P.J., and CORRIGAN and R. A. BENSON*, JJ.

SAAD, P.J.

I

NATURE OF CASE AND FACTS

In this coverage dispute between two insurers, the Auto Club Insurance Association (ACIA) appeals the circuit court's grant of summary disposition to plaintiff American States Insurance Company (American). The trial court ruled that the insurance policy exclusion on which defendant ACIA relied was inapplicable and that ACIA is therefore liable as a coinsurer for $20,000 in damages. ACIA appeals and we reverse and remand.

Sharilyn Kesten was a passenger in a car driven by Debra Carpenter. While Carpenter was stopped for a red light, an uninsured motorist's vehicle rear-ended Carpenter's vehicle. Carpenter's car was insured by American, and the policy included uninsured motorist (UM) coverage. Kesten and her husband also held a policy on their own automobile, issued by ACIA, which included UM coverage.

Kesten made a claim for UM coverage under her ACIA policy; ACIA rejected the claim, relying upon the following exclusion:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

> The coverage does not apply to bodily injury sustained by an *insured person*:
>
> *          *          *
>
> while *occupying* a *motor vehicle* which provides the same or similar coverage for *you* or a resident relative.

ACIA contends that because Carpenter (the driver) has a policy of insurance with American that provides the "same or similar" insurance to Kesten (the passenger), ACIA's exclusion applies, and American must provide the sole coverage. As stated above, the circuit court found the exclusion in ACIA's policy inapplicable, and thus found ACIA liable for $20,000 in UM coverage.

## II

### ANALYSIS

ACIA correctly points out that Kesten is entitled to benefits from the policy issued by American on Carpenter's vehicle, which provides:

> We will pay damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured" or "underinsured motor vehicle" because of "bodily injury" sustained by an "insured" and caused by an accident.
>
> *          *          *
>
> "Insured," as used in this Part, means:
> 1. You or any "family member."
> 2. Any other person "occupying" "your covered auto."

Because Carpenter's UM coverage (American) includes Kesten as one who occupied the "covered auto," ACIA maintains that Carpenter's American policy provided the "same or similar" coverage as the UM provision in Kesten's ACIA policy. Part IV of ACIA's pol-

icy deals expressly with UM coverage. As stated above, the language under *"Exclusions"* is plain that if "you" (the insured) are a passenger in a car, as here, that has UM coverage—and this UM coverage covers you, then ACIA's UM coverage does not cover you. There is nothing about this exclusion that is ambiguous. To the contrary, the exclusion is clear, concise, and specific. American's argument (that, because its policy has a $100,000 limit of liability, while ACIA's limit is $20,000, this means that coverage is not the "same or similar") confuses the *type* of coverage with the *amount* of coverage. We reject American's argument as specious.

American also makes the unpersuasive (and internally inconsistent) argument that ACIA's exclusionary policy language conflicts with its "other insurance" provision in the policy, such that the exclusion should not apply.[1] American has the analysis backwards. Because the exclusion does, in fact, apply, there is no need to use the "other insurance" clause—it has no applicability at all.[2]

---

[1] The "other insurance" clause in Part iv of ACIA's policy provides:

> If there is other Uninsured Motorists Coverage with us or any other insurer for a loss covered by this part, then for purposes of this coverage damages shall be limited to a maximum of $20,000 for any one insured person and $40,000 for two or more insured persons. We will not be liable under this coverage for a greater proportion of those damages than the applicable Limit of Liability of this coverage bears to the sum of the applicable Limits of Liability of this insurance and all other insurance.

[2] The "other insurance" clause tells how to apportion the dollars when two or more policies apply to the same covered act. *St Paul Fire & Marine Ins Co v American Home Assurance Co*, 444 Mich 560, 564-565; 514 NW2d 113 (1994). Where, as here, ACIA's policy provides no coverage, and only American's policy applies, there is nothing to "apportion" between the two carriers.

We reverse and remand for entry of judgment consistent with this opinion. We do not retain jurisdiction.